FILED'10 MAR 04 15:06USDC-ORM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

NEIL B. STAFFORD,

Civil No. 09-3031-CL

        Plaintiff,

REPORT AND RECOMMENDATION

    v.

STEVEN POWERS; DARCY BAKER;
CANDACE WHEELER; and ERIC
ROSENTRETER,

        Defendants.

CLARKE, Magistrate Judge:

      In his amended complaint, plaintiff Neil B. Stafford alleges that his civil rights were

violated by defendants who are members and a hearing officer of the Oregon Board of Parole

and Post-Prison Supervision (Board). This court has jurisdiction pursuant to 28 U.S.C. § 1331.

Before the court are motions for summary judgment filed by defendants (#38) and plaintiff

(#47).[1] For the reasons explained, the court should grant summary judgment to defendants and

---

    [1]   Plaintiff, who is proceeding pro se, was advised by the court of summary judgment
standards (#43) before he filed his supplemental response to defendants' motion and his motion for
summary judgment.

1 - REPORT AND RECOMMENDATION

deny plaintiff's motion for summary judgment.

## STANDARDS

Pursuant to Rule 56(c), summary judgment "should be rendered, if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for

trial.  Fed. R. Civ. P. 56(e)(2); <u>Auvil v. CBS "60 Minutes"</u>, 67 F.3d 816, 819 (9th Cir. 1995);

<u>see</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 & n.4 (1986).  Summary judgment

should be granted for the movant, if appropriate, in the absence of any significant probative

evidence tending to support the opposing party's theory of the case.  Fed. R. Civ. P. 56(e); <u>THI-</u>

<u>Hawaii, Inc. v. First Commerce Fin. Corp.</u>, 627 F.2d 991, 993-94 (9th Cir. 1980); <u>First Nat'l</u>

<u>Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 290 (1968).  Conclusory allegations, unsupported by

factual material, are insufficient to defeat a motion for summary judgment.  <u>Taylor v. List</u>, 880

F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposing party must, by affidavit or as otherwise

provided by Rule 56, designate specific facts which show there is a genuine issue for trial.

<u>Devereaux</u>, 263 F.3d at 1076.

## FACTUAL  BACKGROUND

Construing the facts in the light most favorable to the non-movant, a review of the

record reveals the following:

The Board designated Plaintiff a "predatory sex offender" in June 2003.  (Defs. Mot. Ex.

1 at 3.)

Defendant Eric Rosentreter conducted a Morrissey hearing regarding Plaintiff.  (Defs.

Answer ¶ 4; #44 Pl. Concise Statement in Resp. Exs. 1, H, L.)  Plaintiff claims that Defendant

Rosentreter did not allow Plaintiff's witness at the hearing.  (#44 Pl. Concise Statement in Resp.

Ex. L.)  Plaintiff addressed a letter with attachments to Defendant Rosentreter dated June 23,

2004, regarding the hearing.  (#44 Pl. Concise Statement in Resp. Ex. H.)

Plaintiff addressed letters to Board members in August 2004, October 2004, and

3 - REPORT AND RECOMMENDATION

February 2005 regarding concerns he had with time spent in jail, his parole officer, and his due process rights.  (#44 Pl. Concise Statement in Resp. Exs. 1, 2; #48 Pl. Mem. Exs. 6, A.)

Plaintiff filed a habeas corpus action in federal court which alleged, among other claims, that the Board deprived Plaintiff of due process by designating him a predatory sex offender without prior notice and hearing.  (Defs. Mot. Ex. 1 at 1-2.)  In the prior habeas action, the Court considered Plaintiff's habeas claims and issued an opinion dated January 2009 which denied Plaintiff's petition for writ of habeas corpus.  (Defs. Mot. Ex. 1.)

The instant action alleges that Defendants denied Plaintiff due process to contest the predatory sex offender designation by not receiving notice and an evidentiary hearing.  (Am. Compl.)

## DISCUSSION

Defendants first contend that plaintiff's claims are foreclosed by issue preclusion because in a prior habeas proceeding, Stafford v. Board of Parole and Post Prison Supervision, Case No. CV 97-88-HO, Judge Hogan rejected plaintiff's claim that the Board deprived him of due process by designating him a predatory sex offender without prior notice and hearing.

In Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1993), the Ninth Circuit held that a prior federal habeas decision may have preclusive effect in a 42 U.S.C. § 1983 action.  "Issue preclusion prevents 'relitigation of all "issues of fact or law that were actually litigated and necessarily decided" in a prior proceeding.'"  Id. at 325 (quoting Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988)).  In Hawkins, the Ninth Circuit determined that Hawkins had claimed identical constitutional rights were violated in the prior habeas case and the § 1983 civil

rights case and, in the habeas case, the district court had addressed the merits of the habeas

claims and had denied relief because Hawkins' constitutional rights had not been violated. The

court determined that the ruling in the habeas action necessarily precluded the subsequent §

1983 action in which the identical issues were raised. Id.

    In plaintiff's prior habeas proceeding before Judge Hogan, Judge Hogan found as to

plaintiff's second claim in which he alleged that the Board deprived petitioner of due process by

designating him a predatory sex offender without prior notice and hearing, that:

> Petitioner's second claim is procedurally defaulted. Petitioner submitted
> untimely requests for administrative review of the board order designating him a
> predatory sex offender and the board denied review on the ground that the
> requests were untimely. Resp's. ex. 103 at 22, 25, 99, 103, 111, 117. Petitioner
> did not exhaust administrative review as provided by board rule and the time to
> do so has passed. Woodroffe v. Board of Parole and Post-Prison Supervision,
> 182 P.3d 202, 204 (Or. App. 2008) (citing to Or. Rev. Stat. § 144.335(1) and Or.
> Admin R. 225-080-0005(2)). The Oregon Court of Appeals, which affirmed
> without opinion, could not have considered petitioner's challenge to the board's
> June 2003 designation of petitioner as a predatory sex offender. Stafford v.
> Board of Parole and Post-Prison Supervision, 143 P.3d 775 (Or. App. 2006).

(Defs. Mot. Ex. 1 at 2-3.) Where a claim on federal habeas review has been found to be

procedurally defaulted by a petitioner, the court may not reach the merits of the constitutional

claim. Williams v. Stewart, 441 F.3d 1030, 1061 (9th Cir. 2006) (per curiam) ("We may not

reach the merits of procedurally defaulted claims, that is, claims 'in which the petitioner failed

to follow applicable state procedural rules in raising the claims . . . .'") Thus, Judge Hogan's

ruling that plaintiff had procedurally defaulted his due process claim did not reach the merits of

the claim. In Jackson v. Official Representatives & Employees of Los Angeles Police

Department, 487 F.2d 885, 886 (9th Cir. 1973) (per curiam), the Ninth Circuit determined that

plaintiff there was not precluded by collateral estoppel from asserting § 1983 civil rights claims because records of a prior unsuccessful federal habeas corpus proceeding showed that the claims were never considered on their merits.  See Quarles v. Sager, 687 F.2d 344, 345-46 (11th Cir. 1982) (per curiam).  Because plaintiff's due process claim was not actually litigated and decided on the merits in plaintiff's habeas corpus case before Judge Hogan, plaintiff is not precluded by collateral estoppel / issue preclusion from asserting his due process claim in this action.

Defendants also contend that they are entitled to absolute immunity, relying on Lovelace v. Oregon, No. CV 08-3107-PA, 2009 WL 2450298 (D. Or. Aug. 10, 2009).  "Absolute immunity covers 'decisions "to grant, deny, or revoke parole" because these tasks are 'functionally comparable' to tasks performed by judges.' Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004) (quoting Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981)." Lovelace, 2009 WL 2450298, at *6.  Decisions and actions integral to decisions to grant, deny, or revoke parole such as the imposition of parole conditions and the execution of parole revocation procedures are also covered by absolute quasi-judicial immunity, but conduct arising from the duty to supervise parolees is covered by qualified immunity.  Swift, 384 F.3d at 1191; see Anderson v. Boyd, 714 F.2d 906, 910 (9th Cir. 1983), abrogation in part recognized by Swift, 384 F.3d 1190.  In Lovelace, the court determined that the Board members were entitled to absolute immunity because the claims against them were based on quasi-judicial actions, that is, "issuing the orders that released plaintiff and set conditions of parole, and presiding over

parole revocation proceedings." Lovelace, 2009 WL 2450298, at *6. The decision to hold a hearing relating to whether an offender should be designated a predatory sexual offender is a quasi-judicial function encompassed by absolute immunity so defendants are entitled to absolute immunity.

Defendant Rosentreter, who is employed by the Board as a Morrissey hearings officer, is alleged to have made certain evidentiary rulings relating to a witness and documents sent to him by plaintiff. (See #44 Pl. Concise Statement in Resp. Ex. H, L; #48 Pl. Mem. Ex. E.) He is also alleged to have made statements that plaintiff would continue to be sanctioned because he would not admit to a non-crime, which plaintiff states in his summary judgment briefs were made during a hearing conducted by defendant. All of these actions by defendant Rosentreter were taken in an adjudicatory role and are within his quasi-judicial function as a hearings officer. Because absolute immunity is determined based on "'the nature of the function performed, not the identity of the actor who performed it,'" Tennison v. City of San Francisco, 570 F.3d 1078, 1092 (9th Cir. 2009) (quoting Kalina v. Fletcher, 522 U.S. 118 127 (1997)), defendant Rosentreter is entitled to absolute immunity on these claims.

However, even if absolute immunity does not apply to defendant Board members, they are entitled to qualified immunity.[2] Qualified immunity shields government agents from suit for damages if a reasonable official performing discretionary functions could have believed that his or her conduct was lawful, in light of clearly established law and the information possessed by

---

[2]    Defendants allege qualified immunity as an affirmative defense in their answer.

the official.  Anderson v. Creighton, 483 U.S. 635, 637-39, 641 (1987); Hunter v. Bryant, 502

U.S. 224 (1991) (per curiam).  Ordinarily, the court employs the sequential analysis set forth in

Saucier v. Katz, 533 U.S. 194 (2001), first determining whether the facts alleged by plaintiff,

taken in the light most favorable to plaintiff, establish a constitutional violation; and, if a

violation could be established under the facts alleged, then considering whether the right was

clearly established.  Id. at 201; see Pearson v. Callahan, ___ U.S. ___, 129 S. Ct. 808, 818

(2009) (Saucier analysis no longer regarded as mandatory).  If no constitutional right would

have been violated under the facts alleged, the analysis ends.  Saucier, 533 U.S. at 201.

     Plaintiff relies on Noble v. Board of Parole and Post-Prison Supervision, 327 Or. 485

(1998), in arguing that he has a procedural due process right to notice and an opportunity to be

heard before being designated a predatory sex offender.  In Noble, the Oregon Supreme Court

held that the Board must provide a sex offender with notice and an evidentiary hearing before

designating an offender a predatory sex offender.  Id. at 498-99.  The Ninth Circuit addressed

the same issue in Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997), finding, first, that, under the

Fourteenth Amendment, a liberty interest was at stake in being designated a "sex offender"

which entitled the targeted person to "a hearing at which he must be allowed to call witnesses

and present documentary evidence in his defense" before being labeled as a sex offender.  Id. at

830.  However, the Ninth Circuit distinguished between persons who had been convicted of a

sex offense and those that had not been so convicted.  The court determined that,

> An inmate who has been convicted of a sex crime in a prior adversarial setting,
> whether as the result of a bench trial, jury trial, or plea agreement, has received
> the minimum protections required by due process.  Prison officials need do no
> more than notify such an inmate that he has been classified as a sex offender

because of his prior conviction for a sex crime.

Id. at 831.  Therefore, as to plaintiff Martinez in the Neal case, who had been convicted after formal criminal proceedings of a sex offense, the Neal court found that it was "clear" that he had received all of the process to which he was due.  Id.  This court must follow Ninth Circuit precedent and, under Neal, on the record presented here, plaintiff cannot show a due process violation, and the qualified immunity analysis ends.  See Hadsell v. Kelly, No. CIV. 99-1351, 1999 WL 1038732, at *4 (D. Or. Nov. 12, 1999).

While the court's determinations that defendants are entitled to immunity protects them from plaintiff's damages claims, see Murphy v. Kitzhaber, No. 05-1191-CO, 2006 WL 2399372, at *2 (D. Or. Aug. 17, 2006) (claims for damages dismissed based upon absolute immunity but claims for injunctive or declaratory relief unaffected), plaintiff's claim for injunctive relief  for removal of the predatory sex offender designation should be dismissed based on the court's determination that plaintiff cannot show a due process violation related to his designation.

In his motion for summary judgment, plaintiff contends that the Board defendants were indifferent and negligent to his numerous requests to have them address alleged violations of supervising parole personnel.  See #44 Pl. Concise Statement in Resp. Exs. 1, 2; #48 Pl. Mem. Exs. 6, A.  While plaintiff has implicated supervisory duties of defendants, he does not identify any constitutional right that may have been violated by defendants and the court is unaware of any.  Accordingly, plaintiff's motion as to plaintiff's second claim should be denied and

summary judgment should be granted in favor of defendants as to this claim.[3]

Plaintiff also contends that defendant Rosentreter had stated in a telephone hearing that plaintiff would continue to be jailed for not admitting to a crime although defendant had information showing that plaintiff had not been charged with an unlawful act. He asserts that defendant's action "borders on double jeopardy when being jailed for no unlawful act, as had been the case with Pl. 1995 conviction." (Pl. Mem. p. 3.) The court has found that defendant Rosentreter is entitled to absolute immunity for this conduct taken as part of his judicial role in conducting the hearing. Alternatively, plaintiff offers no evidence in support of his third claim and does not sustain his burden of proof on summary judgment. Further, the constitutional protection afforded by the Double Jeopardy Clause of the Fifth Amendment bars a successive prosecution on the same offense as to which a defendant has been previously acquitted or convicted. Brown v. Ohio, 432 U.S. 161, 165-66 (1977). There is nothing in the record which indicates that double jeopardy is implicated. Plaintiff's motion as to his claim should be denied and summary judgment should be granted in favor of defendants as to this claim.[4]

---

[3]  Although defendants did not move for summary judgment as to plaintiff's claims other than the due process claim, the court has the discretion to enter summary judgment for the non-moving party if

it is made to appear from all the records, files, affidavits and documents presented that there is no genuine dispute respecting a material fact essential to the proof of movant's case and that the case cannot be proved if a trial should be held, the court may sua sponte grant summary judgment to the non-moving party.

Cool Fuel, Inc. v. Connett, 685 F.2d 309, 311 (9th Cir. 1982); see Celotex, 477 U.S. at 326.

[4]  See note 3.

10 - REPORT AND RECOMMENDATION

## RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion for summary judgment (#38) be granted in part and denied in part; plaintiff's motion for summary judgment be denied; and, on the court's motion, summary judgment be granted in favor of defendants; and that plaintiff's action be dismissed and judgment entered accordingly.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by March 23, 2010. If objections are filed, any response to the objections are due by April 9, 2010, see* Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___ day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE